# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

DANIEL L. APTED,

        Plaintiff,

    v.

UBER TECHNOLOGIES, INC.,

        Defendant.

Case No. 3:25-cv-00157-SLG

## ORDER COMPELLING ARBITRATION

Before the Court are three pending motions:

At Docket 21 is Defendant Uber Technologies, Inc. ("Uber") Motion to Dismiss Plaintiff's Motion to Compel Arbitration. Plaintiff Daniel Apted responded in opposition at Docket 22, to which Defendant replied at Docket 27.

At Docket 23 is Plaintiff's Motion to Amend Complaint. Defendant responded in opposition at Docket 28, to which Plaintiff replied at Docket 34.

At Docket 24 is Plaintiff's Motion to Stay AAA Arbitration Proceedings. Defendant responded in opposition at Docket 26, to which Plaintiff replied at Docket 35.

Also, Plaintiff filed a Notice of Recent Development/Supplemental Authority at Docket 33; Defendant responded at Docket 36, to which Plaintiff replied at Docket 37.

## BACKGROUND

Plaintiff Daniel Apted sues Defendant Uber Technologies, Inc. ("Uber"), alleging Uber breached the Platform Access Agreement ("PAA") entered into by both parties and caused damage to Plaintiff of approximately $118,000.[1] The Complaint seeks to compel binding arbitration pursuant to the Federal Arbitration Act and a binding arbitration provision in the PAA.[2] Specifically, the Complaint cites to Section 13 of the PAA, titled Arbitration Provision, which provides that "[e]xcept as it otherwise provides, this Arbitration Provision applies to any legal dispute, past, present or future, arising out of or related to your relationship with us . . . ."[3] The Complaint also asks the Court to appoint an arbitration administrator such as the American Arbitration Association and appoint an arbitrator who resides in Alaska with expertise in employment law.[4]

On February 9, 2026, Uber filed a Motion to Dismiss Plaintiff's Motion to Compel Arbitration at Docket 21. Uber contends that dismissal of Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) is required because "Uber has filed an arbitration demand with the American Arbitration

---

[1] Docket 1 at 1-2. Although termed a "Motion to Compel," the Court treats Plaintiff's initial filing in this action as a complaint. *See* Fed. R. Civ. P. 8(a); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed pro se is 'to be liberally construed.'").

[2] Docket 1 at 1, 3-4.

[3] Docket 1-1 at 14.

[4] Docket 1 at 4.

Association ("AAA")," such that this case is now moot.[5]

On February 11, 2026, Plaintiff filed a Motion to Amend his Complaint at Docket 23 and a Motion to Stay AAA Proceedings at Docket 24. His proposed amended complaint seeks completely different relief from his original Complaint; Plaintiff now seeks to allege that the Arbitration Provision in the PAA is procedurally and substantively unconscionable and is therefore invalid.[6] The proposed amended complaint also alleges that Uber waived its right to enforce the arbitration agreement by delaying the commencement of arbitration.[7]

On February 26, 2026, the AAA issued a letter administratively closing Uber's demand for arbitration because "neither party provided . . . authorization" to the AAA to administer the dispute, which was required by the AAA.[8] Uber responded to this notice by stating that it is not refusing to arbitrate. Attached to its response is a completely redacted email that it indicates contains "[p]rivileged communications"[9] and an email from Mr. Apted to the AAA objecting to the arbitration proceeding.

---

[5] Docket 21 at 1.

[6] Docket 23; Docket 23-1 at 3-4.

[7] Docket 23-1 at 3.

[8] Docket 33 at 1; Docket 33-1 at 1.

[9] Docket 36-1 at 1; Docket 36 at 2.

Case No. 3:25-cv-001577-SLG, *Apted v. Uber Technologies, Inc.*
Order on Pending Motions
Page 3 of 9
Case 3:25-cv-00157-SLG    Document 38    Filed 03/19/26    Page 3 of 9

## LEGAL STANDARD

The Federal Arbitration Act ("FAA") provides that any written agreement "to settle by arbitration a controversy thereafter . . . shall be valid, irrevocable, and enforceable . . . ."[10]  Pursuant to the FAA, a party "aggrieved by the alleged . . . refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court . . . for an order directing that such arbitration proceed in the manner provided for in such agreement."[11]  The FAA "leaves no place for the exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed."[12]

The FAA "reflects the fundamental principle that arbitration is a matter of contract."[13]  And yet "[t]he standard for demonstrating arbitrability is not high."[14] The FAA "establishes that, as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, [including when] the problem at hand is the construction of the contract language itself."[15]

---

[10] 9 U.S.C. § 2.

[11] 9 U.S.C. § 4.

[12] *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985).

[13] *Coinbase, Inc. v. Suski*, 602 U.S. 143, 147 (2024) (quoting *Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. 63, 67 (2010)).

[14] *Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716, 719 (9th Cir. 1999).

[15] *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.,* 473 U.S. 614, 626 (1985) (citation omitted).

"[T]he question of whether the parties agreed to arbitrate is to be decided by the court, not the arbitrator."[16]  "The court's role under the Act is therefore limited to determining (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue."[17]  The FAA mandates that courts,

> upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.[18]

"[Section] 3 [of the FAA] ensures that the parties can return to federal court if arbitration breaks down or fails to resolve the dispute."[19]  "That return ticket is not available if the court dismisses the suit rather than staying it."[20]  Therefore, "[w]hen a district court finds that a lawsuit involves an arbitrable dispute, and a party requests a stay pending arbitration, § 3 of the FAA compels the court to stay the proceeding."[21]  Section 3 of the FAA "overrides any discretion a district court might otherwise have had to dismiss a suit when the parties have agreed to arbitration."[22]

---

[16] *AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 649 (1986).

[17] *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000).

[18] 9 U.S.C. § 3.

[19] *Smith v. Spizzirri*, 601 U.S. 472, 477 (2024).

[20] *Id.* (citation omitted).

[21] *Id.* at 478.

[22] *Id.* at 477.

**DISCUSSION**

## I. Plaintiff's Complaint

Plaintiff's Motion to Compel Arbitration, which this Court treats as Plaintiff's Complaint, seeks to compel arbitration of his dispute with Uber regarding the PAA pursuant to the Federal Arbitration Act.[23] The Complaint alleges that the PAA contains a binding arbitration provision that mandates arbitration for all disputes.[24] Section 13 of the PAA, titled Arbitration Provision, states that "[e]xcept as it otherwise provides, this Arbitration Provision  applies to any legal dispute, past, present or future, arising out of or related to your relationship with us . . . ."[25] Uber agrees, as shown by its initiation of arbitration proceedings before the AAA and its request for an order compelling arbitration.[26] Therefore, the Court GRANTS Plaintiff the relief he requests in his Complaint and the Court COMPELS arbitration.

## II. Plaintiff's Motion to Amend

As noted, Plaintiff's Complaint seeks to compel arbitration pursuant to the Arbitration Provision in the PAA.  But Plaintiff's proposed amended complaint filed with Plaintiff's Motion to Amend seeks to completely reverse course from that initial Complaint and instead have the Arbitration Provision in the PAA invalidated as procedurally and substantively unconscionable so that he can pursue his individual

---

[23] Docket 1 at 3-4.

[24] Docket 1 at 1.

[25] Docket 1-1 at 14.

[26] Docket 36 at 2.

Case No. 3:25-cv-001577-SLG, *Apted v. Uber Technologies, Inc.*
Order on Pending Motions
Page 6 of 9

claims and class claims in this Court.[27]   In the proposed amended complaint, Plaintiff also contends that Uber waived its right to enforce the arbitration agreement by delaying the commencement of arbitration.[28]

Courts need not grant leave to amend when the proposed amendment seeks to allege facts wholly inconsistent with the initial complaint.[29]   Further, because Uber did initiate arbitration proceedings, permitting Plaintiff leave to amend his Complaint would cause substantial prejudice to Uber such that Plaintiff cannot show that "justice so requires" leave to amend.[30]   Therefore, Plaintiff's Motion for Leave to Amend at Docket 23 is **DENIED**.

### III.   Plaintiff's Motion to Stay AAA Arbitration Proceedings

Plaintiff also moves to stay the proceedings before the AAA so that he can pursue the claims he asserts in his proposed amended complaint in this Court.[31] Because the Court has denied Plaintiff leave to amend his complaint, Plaintiff's Motion to Stay at Docket 24 is **DENIED** as moot.

---

[27] Docket 23; Docket 23-1 at 3-4.

[28] Docket 23-1 at 3.

[29] *See Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296-97 (9th Cir. 1990) ("It would not be possible for [the plaintiff] to amend his complaint to allege a completely new injury that would confer standing to sue without contradicting any of the allegations of his original complaint. Although leave to amend should be liberally granted, the amended complaint may only allege other facts consistent with the challenged pleading." (internal quotation marks and citation omitted)).

[30] Fed. R. Civ. P. 15(a)(2).  Rule 15(a)(2) applies here because Plaintiff filed proof of service on January 13, 2026, and his Motion to Amend was filed on February 11, 2026, which is more than 21 days after service.

[31] Docket 24 at 2-3.

Case No. 3:25-cv-001577-SLG, *Apted v. Uber Technologies, Inc.*
Order on Pending Motions
Page 7 of 9
Case 3:25-cv-00157-SLG     Document 38     Filed 03/19/26     Page 7 of 9

## IV. Defendant's Motion to Dismiss

In its Motion to Dismiss, Uber maintains that this case is moot because, at the time it filed its motion, arbitration had commenced. Further, notwithstanding the subsequent administrative closure of the arbitration proceeding by the AAA, Uber still seeks dismissal of this case.[32] However, the Supreme Court has instructed that "[w]hen a district court finds that a lawsuit involves an arbitrable dispute, and a party requests a stay pending arbitration, § 3 of the FAA compels the court to stay the proceeding."[33] As such, Defendant's Motion to Dismiss at Docket 21 is **DENIED**.

## CONCLUSION

IT IS HEREBY ORDERED that this matter is arbitrable pursuant to the Arbitration Provision in the PAA and the parties are COMPELLED to participate in arbitration before the American Arbitration Association under its Employment/Workplace Arbitration Rules and Mediation Procedures. Uber shall reinitiate arbitration proceedings with the AAA **within 7 days of the date of this order** and file proof that it has done so with this Court by that date.

The Court STAYS this case pending resolution of arbitration. The parties shall file a status report **within 14 days of the completion of arbitration or within 60 days of the date of this order**, whichever occurs first.

---

[32] Docket 36 at 2.

[33] *Spizzirri*, 601 U.S. at 478; 9 U.S.C. § 3.

Case No. 3:25-cv-001577-SLG, *Apted v. Uber Technologies, Inc.*
Order on Pending Motions
Page 8 of 9

Further, Uber's Motion to Dismiss at Docket 21 is **DENIED**; Plaintiff's Motion to Amend Complaint at Docket 23 is **DENIED**; and Plaintiff's Motion to Stay AAA Arbitration Proceedings at Docket 24 is **DENIED** as moot.

DATED this 19th day of March, 2026, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE